**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30204 |
| Plaintiff - Appellee, | D.C. No. 9:06-CR-00055-DWM-1 |
| v. | |
| JERALD ELMO BROBST, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted April 5, 2010[**]
Seattle, Washington

Before: GOODWIN, HAWKINS and N.R. SMITH, Circuit Judges.

Defendant Jerald Elmo Brobst ("Defendant") was convicted after a bench

trial of, *inter alia*, receipt of child pornography in violation of 18 U.S.C. §

2252A(a)(2) and possession of child pornography in violation of 18 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2252A(a)(5)(B).  The district court sentenced him to concurrent terms of 84 months in prison for the receipt and possession counts, and fined him $15,000.  On appeal, this Court concluded that Defendant's convictions for both receipt and possession violated the Double Jeopardy Clause, and vacated the sentence with remand instructions to vacate one of the two convictions.  *See United States v. Brobst*, 558 F.3d 982, 1000 (9th Cir. 2009) (*citing United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008)).  On remand, Defendant moved for a hearing on which conviction to vacate and on the proper sentence.  The district court denied Defendant's motion, dismissed the possession count, and affirmed the original sentence without a hearing.  Defendant appeals, arguing that he should have been heard on which count to vacate and on the proper new sentence.  We affirm.

This Court's remand order did not require the district court to hold a hearing on which conviction to vacate or on the proper sentence.  The district court, rather than a party, decided which conviction to vacate, as required by *Ball v. United States*, 470 U.S. 856, 864 (1985).  The district court upheld the receipt conviction.  Defendant had the opportunity to be heard regarding the proper sentence for his receipt conviction at the time of his original sentencing.  Accordingly, Defendant was not deprived of due process.

AFFIRMED.